UNITED STATES OF AMERICA

v.

RAPHAEL TENNYSON

FILED
VANESSA L. ARMSTRONG, CLERK
NOV 12 2020
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

11/08/2020

DOCKET NO. 0644 3:19CR00074-1

MEMORANDUM AND MOTION FOR COMPASSIONATE RELEASE

Presently before the court is Raphael Tennyson's motion for compassionate release in light of the ongoing coronavirus pandemic. Defendant Raphael Tennyson, respectfully moves the court to enter an order releasing Mr. Tennyson to home incarceration for the remainder of his sentence.

This virus is extremely contagious and presents an extreme risk to incarcerated populations. Mr. Tennyson is serving time on a victimless, non-violent charge.

Mr. Tennyson files a memo concerning the pandemic and the necessity of compassionate release. If released, Mr. Tennyson would return to the residence with his aunt, Mary Tennyson. Counsel has confirmed her willingness to have him home during the pandemic.

As of October 3, 2020 Mr. Tennyson was declared a Type 2 diabetic and required to inject insulin, monitor his blood sugar, and ingest a oral medication daily for diabetes and acid reflux. Ms. Tennyson lives alone and is also a Type 2 diabetic, so aclamation and accomodation would be seamless.

The nature for the charged offense is that on or about August 28, 2018, in the Western District of Kentucky, Jefferson County, Kentucky, Raphael Tennyson, did knowingly possess, in and affecting commerce, a firearm, knowing that he had been convicted in a court of a crime punishable

by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

WHEREFORE, the defense request that the Court enter an order releasing Mr. Tennyson to home incarceration with any conditions the Court deems necessary and appropriate.

For the health of all involved, counsel requests that any hearing on this motion for compassionate release be conducted by telephone or video conferencing. At such hearing, the defense would waive Mr. Tennyson's presence so long as he is able to participate by telephone or video conference. In the event a hearing is scheduled, defense requests that it be expedited.

On June 18, 2020, Mr. Tennyson pled guilty to Count 1 of the Superseding Indictment, Felon in Possession of a Firearm, 18 U.S.C. 922(g)(1) and 924(a)(2), via a written plea agreement.

The plea agreement in this case was entered into by the parties, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. It contained the following additional pertinent provisions: (a) recommended sentence of imprisonment of 37 months as an appropriate resolution in this case. (b) recommended a fine at the lowest end of the applicable guideline range, to be due and payable on the date of sentencing. (c) a reduction of 2 or 3 levels below the otherwise applicable guideline for "acceptance of responsibility" as provided by 3E1.1(a) and (b) (d) demand forfeiture of any interest he may have in an Auto-Ordinance Corp. .45 cal. pistol, bearing serial number AOC8550, and ammunition.

Tennyson is being housed at Oldham County Detention Center awaiting transfer by B.O.P., he's thirty-six years old, and suffers from acid reflux, sleep apnea, and Type 2 Diabetes. Mr. Tennyson is taking medication for the acid reflux and Type 2 Diabetes and special diet

TO ATTEMPT TO CONTROL BLOOD GLUCOSE LEVELS.

THE COURT MUST ASSUME FAMILIARITY WITH THE ONGOING COVID-19 PANDEMIC AND THE RISK TO INMATES WITHIN THE FEDERAL PRISON SYSTEM. FURTHER, ACCORDING TO THE CENTERS FOR DISEASE CONTROL, "PEOPLE OF ANY AGE WITH CERTAIN UNDERLYING MEDICAL CONDITIONS", INCLUDING TYPE 2 DIABETES, "ARE AT INCREASED RISK OF SEVERE ILLNESS FROM COVID-19".

MR. TENNYSON ASK THAT HE BE RELEASED FROM PRISON EARLY ON HIS FEDERAL SENTENCE AND TO HOME CONFINEMENT AT HIS AUNT'S HOUSE IN LOUISVILLE, KENTUCKY WHERE HE HAS PREVIOUSLY RESIDED AND HAD PLAN TO RESIDE WHILE ON SUPERVISED RELEASE.

TENNYSON WOULD BE WILLING TO BE RELEASED ON ANY AND ALL CONDITIONS FROM THIS COURT AS WELL AS PROBATION AND PAROLE, INCLUDING BUT NOT LIMITED TO ELECTRONIC MONITORING, DRUG AND ALCOHOL SCREENS, SUBSTANCE USE AND EVALUATION, VIDEO AND TELEPHONE CONFERENCES.

MR. TENNYSON SEEKS COMPASSIONATE RELEASE UNDER 18 U.S.C. 3582(c)(1)(A). PREVIOUSLY, INCARCERATED DEFENDANTS COULD ONLY SEEK COMPASSIONATE RELEASE UPON MOTION OF THE B.O.P. THE FIRST STEP ACT OF 2018, HOWEVER, AMENDED THAT PROVISION TO ALLOW PRISONERS TO SEEK RELIEF DIRECTLY FROM THE COURTS ONCE THEY HAVE EXHAUSTED THEIR ADMINISTRATIVE REMEDIES.

SECTION 1B1.13 OF THE SENTENCING GUIDELINES FURTHER EXPLAINS THAT THE COURT MAY REDUCE A DEFENDANT'S SENTENCE IF, AFTER CONSIDERING THE FACTORS IN 18 U.S.C. 3553(a), THE COURT DETERMINES THAT
(1)(A) EXTRAORDINARY AND COMPELLING REASON WARRANT THE REDUCTION
(2) THE DEFENDANT IS NOT A DANGER TO THE SAFETY OF ANY OTHER PERSON IN THE COMMUNITY AND
(3) THE REDUCTION IS CONSISTENT WITH THIS POLICY STATEMENT.

TENNYSON HAS THE BURDEN OF PROVING THAT HE IS ENTITLED TO

relief under 18 U.S.C. 3582.

The sentencing guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, a defendant has a debilitating medical condition, or where other family circumstances make release appropriate. U.S.S.G. 1B.13 cmt. 1(A)-(C). Courts have found that the list of reasons explicated in the sentencing guidelines is nonexhaustive and that release may also be warranted under the policy's "catch-all provision" which allows for compassionate release when there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the other enumerated reasons. United States v. Guzman-Soto (D. Mass. May 1, 2020)

Mr. Tennyson's Type 2 diabetes potentially place him at a high risk of developing a severe case of COVID-19. United States v. Lewis (S.D.N.Y. April 30, 2020) finding that compassionate release was appropriate when "it was beyond dispute that the defendant was at high risk from COVID-19, as his diabetes is one of the most significant comorbidity factors and that was no doubt heightened".

Tennyson would be less likely to contract the virus at his aunt's home in Louisville, Kentucky than while incarcerated given the facts that she lives alone, works from home, and must take the same precautions because she too is a Type 2 diabetic. United States v. Nygren (D. Me. Jul. 22, 2020) given the risk presented by continued incarceration, the court should assess whether the place where the defendant would live upon release would have a COVID-19 risk different from the prison.

Mr. Tennyson would be released to his aunt's home in Louisville, Kentucky and would be required to quarantine, self-isolate, and

socially distance. Tennyson has demonstrated that the conditions upon his release to home confinement would place him at less risk.

Beyond his medical condition, were it not for COVID-19, Mr. Tennyson would almost certainly be eligible for reassignment to a community setting such as a halfway house, residential re-entry facility. His time incarcerated will become increasingly challenging, given delays due to COVID-19 and the length of time it will take to be designated to a federal facility, which stops him from having the otherwise normal opportunity to participate in programming during the few months he has left on his sentence.

Tennyson argues that any concerns about the public's safety are sufficiently addressed by conditions of supervised release imposed by the court, which may include electronic monitoring and alcohol and substance use screenings.

Mr. Tennyson asserts that a compassionate release at this point with only a few months left on his sentence, would further the goal of imposing a sentence that is "sufficient but not greater than necessary." Courts have observed that, in light of the ongoing COVID-19 pandemic, a sentence "that was sufficient but no greater than necessary" may now become "one immeasurably greater than necessary. United States v. Park (S.D.N.Y. Apr. 4, 2020) Tennyson has served a substantial portion of his thirty-seven month sentence and likely would have already been transferred to a halfway house or other residential facility were it not for COVID-19.

Mr. Tennyson claims that exhaustion should not be required. Assuming without deciding 3582(c)(1)(A)'s exhaustion requirement may be waived in certain circumstances. Poulios v. United States (E.D. VA. Apr. 21, 2020) The exhaustion requirement may be waived due to futility, inadequate

RELIEF, OR UNDUE PREJUDICE." MR. TENNYSON IS HOUSED AT OLDHAM COUNTY DETENTION CENTER, IN LAGRANGE, KENTUCKY, STILL AWAITING FOR TRANSFER BY B.O.P. IT IS ESSENTIALLY A COUNTY JAIL USED AS A FEDERAL HOLDOVER, THERE'S NO WARDEN TO DESIGNEE TO PETITION TO OR ON BEHALF OF THE DEFENDANT.

    WITH ALL ASPECTS CONSIDERED MR. TENNYSON ASK THAT THE COURT GRANTS HIS MOTION FOR COMPASSIONATE RELEASE AND BE PLACED ON HOME CONFINEMENT FOR THE DURATION OF HIS SENTENCE.

                    RESPECTFULLY SUBMITTED,

                        RAPHAEL TENNYSON
                        OLDHAM COUNTY DETENTION CENTER
                        3405 WEST HIGHWAY 146
                        LAGRANGE, KY 40031

